O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUBIA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | Case No. ED CV 14-1890 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

David Subia ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff could perform alternative work, (*see* Joint Stipulation ("Joint Stip.") at 2-5); and

    2.    Whether the ALJ properly evaluated lay witness testimony, (*see id*. at 3, 8-13).

The Court addresses Plaintiff's contentions below, and finds that reversal is not

1

warranted.

### A. The ALJ Properly Determined that Plaintiff Could Perform Alternative Work

Plaintiff first contends that the ALJ erroneously determined at step five of his evaluation that, based on a Vocational Expert ("VE")'s testimony, Plaintiff could work as a hand packager, kitchen helper, or commercial or institutional cleaner. (*See id.* at 2-5.) Specifically, Plaintiff contends that the ALJ's residual functional capacity ("RFC") finding – that Plaintiff would likely be off-task up to ten percent of the workday or workweek – conflicts with the jobs identified by the VE, as those jobs' requirements are described by the Dictionary of Occupational Titles ("DOT"). (*See id.*)

The Court disagrees with Plaintiff, for three reasons.

First, the DOT is silent regarding the effect of an off-task limitation. (*See* Administrative Record ("AR") at 22, 43-46); *see also* DOT No. 920.587-018, 1991 WL 687916 (describing hand packager job); DOT No. 318.687-010, 1991 WL 672755 (describing kitchen helper job); DOT No. 381.687-014, 1991 WL 673257 (describing commercial or institutional cleaner job). Thus, no inherent conflict exists between the DOT and either the VE's testimony or Plaintiff's RFC. *See Harvey v. Astrue*, 2010 WL 2836817, at *13-14 (N.D. Cal. July 16, 2010) (where DOT does not discuss whether jobs can accommodate limitation, VE's testimony supplements, rather than contradicts, DOT); *Calvey v. Astrue*, 2013 WL 180033, at *6 (C.D. Cal. Jan. 17, 2013) (no conflict between VE's testimony and DOT, where DOT was silent regarding ten percent off-task limitation).

Second, the ALJ specifically referenced a ten percent off-task limitation in his hypothetical to the VE, and the VE specifically opined that such a limitation would not preclude an individual from performing any of the jobs that the VE had identified.

(AR at 43-45); s*ee Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (ALJ properly relied on VE's testimony because "VE's recognized expertise provides the necessary foundation for his or her testimony").

Third, Plaintiff provides no legal support for his argument that a company would neither hire nor retain an employee who was off-task ten percent of the time. (*See* Joint Stip. at 4); *see also Rohner v. Colvin*, 2014 WL 1093087, at *6 (C.D. Cal. Mar. 18, 2014) ("[Claimant's] unsupported lay opinion that employers would be unwilling to retain a worker who needed to be absent or off[-]task up to five percent of the time does not . . . undermine the reliability of the vocational expert[']s opinion which the ALJ adopted at step five.").

Thus, the Court finds that the ALJ properly determined at step five that Plaintiff could perform alternative work.

### B. The ALJ Improperly Assessed Lay Witness Testimony, But the Error Was Harmless

Plaintiff next contends that the ALJ improperly evaluated the testimony of his friend and pastor, Richard E. Cowart, as detailed in his third-party function report. (*See* Joint Stip. at 3, 8-13; AR at 216-23.)

As a general matter, an ALJ may discount the testimony of lay witnesses only if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, the ALJ appears to have improperly assigned limited credibility to Mr. Cowart's testimony because he was not "medically trained to make exacting observations" of medical symptoms. (AR at 17); *see Cline v. Colvin*, 2013 WL 3733486, at *8 (E.D. Wash. July 15, 2013) (ALJ erred in rejecting function report on

3

basis of declarant's lack of medical training, where it was not apparent that the declarant "attempted to make exacting observations as to the dates, frequencies, types[,] and degrees of medical signs and symptoms"); 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (explaining that commissioner will consider evidence from "non-medical sources," including "clergy," to determine how a claimant's impairments affect his ability to work).

Nonetheless, the ALJ's error was harmless for two reasons. *See Pruitt v. Comm'r of Soc. Sec*, 612 F. App'x 891, 894 (9th Cir. 2015) (finding harmless error in ALJ ignoring pastor's third-party function report on improper grounds, where proper reasons for discounting report existed).

First, Mr. Cowart's statements were inconsistent with the clinical medical evidence before the ALJ. (AR at 17); *see Bayliss*, 427 F.3d at 1218 (inconsistency with medical evidence is a germane reason for discrediting the testimony of a lay witness). For example, medical evidence showed that Plaintiff (1) missed appointments, was non-compliant with medication, and failed to complete rehabilitation programs, (2) stabilized as he became more adherent to medication, and (3) was able to complete a 40-hour workweek without decompensating. (*See* AR at 18-20, 337, 350-51, 377, 486-91, 556-64, 611, 684, 694, 703-04.)

Second, Mr. Cowart's statements were also contradicted by other, non-medical evidence before the ALJ. For example, Mr. Cowart indicated that Plaintiff is socially withdrawn, lacks energy due to his medications, and does not go out a lot. (*See id.* at 17, 216-23.) Yet, Plaintiff regularly participates in church, social activities, Alcoholics Anonymous meetings, and mental health classes. (*See id.* at 216); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting credibility, ALJ may properly rely on daily activities inconsistent with disability claim, including claimant's ability to care for personal needs, drive, shop, and perform routine household chores). Moreover, Mr. Cowart's observations about Plaintiff's ability to shop, use public

transportation, handle money, and enjoy hobbies support the ALJ's RFC finding. (*See* AR at 216-23); *see also Pinegar v. Comm'r of Soc. Sec. Admin.*, 499 F. App'x 666, 667 (9th Cir. 2012) (failure to provide reasons for rejecting third party testimony harmless where testimony is consistent with ALJ's decision).

Thus, the ALJ's assessment of Mr. Cowart's testimony does not warrant reversal.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: November 19, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*